■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v SAM SANTANA and FRANK GOMEZ, Respondents.—Order, Supreme Court, New York County, entered April 24, 1978, suppressing physical evidence and a subsequent inculpatory statement reversed, on the law, motion to suppress denied in all respects and matter remanded for further proceedings. The People appeal from an order granting a motion to suppress physical evidence consisting of two .45 caliber guns and ammunition and a subsequent inculpatory statement by one of the defendants following the challenged seizure. Although accepting the factual statements of the single police officer who testified, the court apparently granted the motion to suppress on the view that the officers were unjustified in drawing their guns. The subsequent custodial statement was suppressed as the "fruit" of the allegedly unlawful search and arrest. We disagree, vacate the order granting the motion to suppress the weapons and the statement, and deny the motion to suppress. In our view, the action of the police officers was entirely reasonable under the circumstances. The defendants were seen on the late evening of December 13, 1977 looking up and down the street, in close proximity to a third man using a public phone. Observing the officers, the two defendants hurriedly walked away from the area, one of them carrying a canvas bag from which was seen to protrude an object that appeared to be the barrel of a sawed-off shotgun. Eventually the defendants ran down an unlit ramp leading off the street and down to the basement level of an apartment building. The officers followed with weapons drawn. The defendant Gomez was observed kneeling over the canvas bag. The officers identified themselves whereupon the defendant Santana reached toward his waistband. He was ordered to raise his hands which he did. The officers found within the bag a .45 caliber semiautomatic carbine and a fully loaded clip. Under Santana's waistband was found a .45 caliber pistol loaded with ammunition. Both defendants were in possession of additional ammunition. Under the circumstances described, the police officers were entirely justified in drawing their guns as they descended the ramp. Their behavior was reasonable and appropriate throughout the incident. (See People v De Bour,

40 NY2d 210; *People v McLaurin,* 43 NY2d 902.) Concur—Birns, J. P., Sandler, Ross, Markewich and Yesawich, JJ.